# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50828
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENARO PARGAS-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1234

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Genaro Pargas-Rodriguez was convicted by a jury of one count of conspiracy to harbor illegal aliens and two counts of harboring an illegal alien for the purpose of commercial advantage and private financial gain. He was sentenced to 21 months as to each count and to three years of supervised release. Pargas-Rodriguez argues that the district court reversibly erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to include the trait of helpfulness in the jury instruction on character evidence.

Although Pargas-Rodriguez did not renew his objection when presented with the opportunity, his objection at the charge conference "was adequate to alert the court of [his] position" that the character evidence instruction should include the trait of helpfulness. *See United States v. Williams*, 985 F.2d 749, 755 (5th Cir. 1993). Accordingly, we review the district court's failure to provide Pargas-Rodriguez's requested jury instruction "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *See United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011). We will reverse the district court's refusal to give a jury instruction only "if the proposed jury instruction was (1) substantively correct, (2) not substantively covered in the jury charge, and (3) concerned an important issue at trial, such that failure to give the requested instruction seriously impaired the presentation of a defense." *United States v. Jones*, 132 F.3d 232, 242 (5th Cir. 1998).

The jury was instructed in accordance with the Fifth Circuit Pattern Jury Instruction for character evidence. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTION 1.09. Although the district court did not include the specific trait of helpfulness, the jury was instructed that it could consider character evidence presented by Pargas-Rodriguez in reaching its verdict. Accordingly, the substance of Pargas-Rodriguez's requested instruction was already substantially covered by the jury charge. *See Jones*, 132 F.3d at 242; *see also United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009). Further, Pargas-Rodriguez was able to adequately present his defense that he was helping out a friend by bringing the occupants of the apartment food and supplies. *See United States v. Hunt*, 794 F.2d 1095, 1098 (5th Cir. 1986). Accordingly, the

No. 13-50828

district court did not abuse its discretion in refusing to include the requested jury instruction on helpfulness in the jury charge. *See Rios*, 636 F.3d at 171. The district court's judgment is AFFIRMED.